Christine Oliviani **WIDJAJA**, Petitioner,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 03–73495.
Agency No. A79–519–763.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 10, 2004.

Christine Oliviani Widjaja, Ontario, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, Linda S. Wendtland, Esq., Donald A. Couvillon, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Christine Oliviani Widjaja, ethnic Chinese, native and citizen of Indonesia, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision to affirm the Immigration Judge's ("IJ") order, which dismissed her petition for asy-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

lum as untimely, and denied her petition for withholding of removal and relief under the Convention Against Torture ("CAT") on the merits.

We lack jurisdiction to review the IJ's determination that Widjaja is ineligible for asylum because she failed to apply within one year of arriving in the United States. *See* 8 U.S.C. § 1158(a)(3); *Hakeem v. INS*, 273 F.3d 812, 815 (9th Cir.2001). We therefore dismiss for lack of jurisdiction Widjaja's petition for review with respect to her eligibility for asylum. We have jurisdiction under 8 U.S.C. § 1252(a) over the petition insofar as it concerns petitioner's claims of withholding of removal and relief under CAT. *See Hakeem*, 273 F.3d at 816. We review for substantial evidence and deny the petition. *See id.*

Substantial evidence supports the BIA's conclusion that Widjaja did not show that it is more likely than not that she will be persecuted on account of her ethnicity, gender, or religion. *See Hakeem*, 273 F.3d at 816–17. Widjaja's testimony does not compel a finding for past persecution. *Cf. Kataria v. INS*, 232 F.3d 1107, 1115 (9th Cir.2000) (finding past persecution entitling petitioner to presumption of eligibility for withholding of removal).

Substantial evidence also supports the BIA's denial of Widjaja's CAT claim. *See Cano–Merida v. INS*, 311 F.3d 960, 966 (9th Cir.2002) (requiring that petitioner establish that it was more likely than not that he would be tortured with consent or acquiescence of a public official if returned to proposed country of removal).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for a stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

PETITION FOR REVIEW DENIED.